B2100A (Form 2100A) (12/15)

# United States Bankruptcy Court

__Western__ District Of __WASHINGTON__

Case No. __17-12065__

In re **LEO C Brodie and Carmelyn M Brodie**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Jefferson Capital Systems LLC** | **Ally FINANCIAL** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**Jefferson Capital Systems LLC
PO BOX 7999
Saint Cloud , MN 56302-9617**

Court Claim # (if known): **1**
Amount of Claim: **$15,708.08**
Date Claim Filed: **5/23/2017**

Phone: __888-836-6853__
Last Four Digits of Acct #: __2310__

Phone: __800-495-1578__
Last Four Digits of Acct #: __2310__

Name and Address where transferee payments should be sent (if different from above):
**Jefferson Capital Systems LLC
PO BOX 772813
Chicago , IL 60677-2813**

Phone: __888-836-6853__
Last Four Digits of Acct #: __2310__

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: __/s/ Rhonda Pratt (Bankruptcy Specialist)__     Date: __10/03/2018__
    Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## EXHIBIT B

## BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
## and Waiver of Notice under FRBP 3001 (e) (2)

The undersigned Assignor ("Assignor") on and as of the date hereof hereby absolutely sells, transfers, assigns, and conveys to Jefferson Capital Systems, LLC a limited liability company organized under the laws of Georgia ("Assignee"), without recourse and without representations and warranties of any type, kind, character or nature, express or implied, subject to Buyer's repurchase rights as set forth in Sections 4.1 and 4.2 of the Bankruptcy Receivables Purchase Agreement, dated as of September 21, 2018, by and between Assignor, in its capacity as the Seller, and Assignee, in its capacity as the Buyer, pursuant to which the Receivables are being sold, all of Assignor's right, title and interest in and to each of the retail installment sale contracts identified in the schedule as the Assignor's retail installment sale contracts ("Receivable Schedule") attached hereto (the "Receivables"), together with the right to all amount financed, finance charge or other proceeds of any kind with respect to the Receivables remaining due and owing as of the Cut-Off Date applicable to such Receivables as set forth in the Bankruptcy Receivables Purchase Agreement pursuant to which the Receivables are being sold (including but not limited to proceeds derived from the conversion, voluntary or involuntary, of any of the Receivables into cash or other liquidated property.)

Pursuant to the foregoing assignment, the Assignor stipulates that the Assignee may be substituted for the Assignor as the valid owner of the Receivables and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) related to the transfer of the Receivables.

Dated: _____

**ASSIGNOR:**

Ally Financial Inc.

By: _____
Name: Jennifer A. LaClair
Title: Chief Financial Officer

3556235.7